IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG DUONG, </br></br> Petitioner, </br></br> vs. </br></br> SUSAN FISHER, A.P. KANE, </br></br> Respondent. | No. C 06-1636 JW (PR) </br></br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Sang Duong filed a petition in this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a parole denial. The court ordered respondents to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it and lodged exhibits with the court. Petitioner filed a traverse. For the reasons discussed below, the court DENIES the petition.

//

//

Order Denying Petition
N:\Pro - Se\9.25.2007\06-01636 DUONG.1636.rul.wpd

## BACKGROUND

Petitioner, a California state prisoner who is proceeding pro se, was convicted in 1987 of second degree murder and multiple counts of attempted murder, robbery, burglary, conspiracy, assault with a deadly weapon, and assault on a peace officer. Answer ¶¶ 1-2.

The commitment offenses occurred on February 13, 1986. On that date, petitioner and his uncle, who allegedly "coerced" petitioner into participating in the crime, along with two other men, armed and masked, robbed an apartment in San Jose, California, during which one criminal was shot and killed, though not by petitioner. Answer ("Ans."), Ex. D at 14-16; Traverse ("Trav.") at 3. The motive for the crime was to steal money in order to buy beer and marijuana. Trav. at 3. Petitioner, in addition to striking one resident in the face, fired his sawed-off shotgun at the bottom of a closed bathroom door in an attempt to force this same resident, who had been hiding, to step outside the bathroom.[1] Ans., Ex. D at 14. San Jose police arrived as the perpetrators were leaving the scene and an "exchange of gunfire ensued," in which, petitioner contends, he was not involved. Id. at 15-16; Trav. at 16.

The state trial court sentenced him to an indeterminate sentence of fifteen years to life. Ans. ¶ 2. In 2004, at his third parole hearing, the Board of Prison Terms ("BPT"), although noting that petitioner had made positive progress while in prison, found petitioner unsuitable for parole.[2] Id. ¶ 3. The BPT concluded that the offense "was very callous and very calculated," involved "numerous victims," and

---

[1] Petitioner contends that the gun fired "accidentally." Trav. at 3.

[2] The BPT found petitioner unsuitable for parole again in 2005. Petitioner has filed another federal petition challenging the 2005 denial, Case No. 07-1185 JW (PR). The court denied petitioner's motion to grant time to expand the instant petition to cover the 2005 parole decision. Docket No. 3.

Order Denying Petition
N:\Pro - Se\9.25.2007\06-01636 DUONG.1636.rul.wpd            2

"escalated into a gunfight with law enforcement officers" which and then resulted in the death of one of the perpetrators. Ans., Ex. D at 62. Petitioner challenged the BPT's decision in state habeas petitions, later denied, he filed with the Santa Clara Superior Court, the California Court of Appeal, and the California Supreme Court. Ans. ¶ 5-6. In the present petition, petitioner again challenges the validity of the BPT's decision, contending that the BPT's decision was arbitrary and unsupported by any evidence and therefore a violation of his right to due process. Petition ("Pet.") at 1.

## STANDARD OF REVIEW

A federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d) applies to a habeas petition from a state prisoner challenging the denial of parole. See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir. 2006).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). A state court decision is an "unreasonable application" of Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." See Williams (Terry), 529 U.S. at 413.

A reviewing federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. Id. at 409.

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-1092 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case the superior court's denial of petitioner's state habeas petition. See Ylst at 801-806; Shackleford v. Hubbard, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000).

**DISCUSSION**

Petitioner's central contention is that the BPT "cited no reliable evidence that Petitioner is a current threat to public safety, relying on the commitment offense en masse rather than Petitioner's individual culpability." Trav. at 5. The court will discuss this contention in two parts: (A) whether the BPT must focus on the "actual offensive behavior of the individual prisoner" rather than on the offenses of which he is guilty because of his participation in the conspiracy and (B) whether the BPT's decision was arbitrary and not supported by any evidence and therefore violates

petitioner's right to due process.

The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Irons v. Carey, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in Superintendent v. Hill, 472 U.S. 445-455 (1985)); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002). The evidence underlying the Board's decision must also have "some indicia of reliability." McQuillion, 306 F.3d at 904; Biggs, 334 F.3d at 915. The some evidence standard identified in Hill is clearly established federal law in the parole context for purposes of § 2254(d). Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-1129 (9th Cir. 2006).

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455; Sass, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457).

A.   Petitioner Has Not Established that Only his Actual Offenses Are at Issue

Petitioner contends that the BPT can look only at the crimes petitioner actually committed, rather than at the crimes of which he is guilty solely because of his participation in the conspiracy. Trav. at 15.

The court concludes that petitioner's claim is without merit. As an initial matter, petitioner has presented no federal issue related to this claim on which the

Order Denying Petition
N:\Pro - Se\9.25.2007\06-01636 DUONG.1636.rul.wpd          5

1   court can rule.  How particular offenses are evaluated by state parole boards is a
2   question of state law.
3       Second, petitioner's contention is irrelevant.  His personally committed
4   offenses alone constitute some evidence to support the BPT's decision, as the next
5   section will discuss.
6       Third, petitioner's cited authorities do not support petitioner's contention.
7   For instance, <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1180 (9th Cir. 1987), does
8   indeed say that the parole inquiry must focus on the actual offense behavior of a
9   conspiracy participant, but the Ninth Circuit was speaking of federal, not California
10  state, parole commission rules.  <u>In re Rosenkrantz</u> is also unavailing because it
11  merely states that the BPT must engage in an "individualized consideration of the
12  specified criteria," not that state parole guidelines require the BPT to look solely at
13  the actual offensive behavior of a conspiracy participant.  29 Cal.4th 616, 677 (Cal.
14  2002).  Also, petitioner's citation of California's parole guidelines does not support
15  his contention.  The guidelines describe themselves as "suggested terms [which]
16  serve as the starting point for the board's consideration of each case on an individual
17  basis."  Cal. Code Regs., tit. 15 § 2401.  This statement that instructs the BPT to
18  analyze each case on its individual merits and has nothing to do with whether the
19  BPT should look to the actual crimes committed rather than all crimes committed by
20  a conspiracy of criminals.

21  B.    <u>There is Some Evidence to Support the BPT's Decision</u>
22      Petitioner contends that the BPT's decision is not based on some evidence
23  and results from a misapplication of parole guidelines and standards.  Pet. at 9.
24      California's parole guidelines grant the BPT wide discretion in determining
25  parole suitability.  The guidelines describe themselves as "general" ones, whose
26  "importance [when] attached to any circumstance or combination of circumstances

28  Order Denying Petition
    N:\Pro - Se\9.25.2007\06-01636 DUONG.1636.rul.wpd          6

in a particular case is left to the judgment of the panel." Cal. Code Regs., tit. 15, § 2401. In determining parole suitability, the BPT may consider the gravity of the commitment offense. Cal. Code of Regs. tit. 15, § 2402(c)(1). The commitment offense may be a circumstance indicating unsuitability for parole if the "prisoner committed the offense in an especially heinous, atrocious, or cruel manner." Id. In determining this, the BPT may consider whether the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering, whether the motive for the crime is inexplicable or very trivial in relation to the offense, whether multiple victims were attacked, injured or killed in the same or separate incidents, and/or whether the offense was carried out in a dispassionate and calculated manner, such as an execution-style murder. Id.

Recent Ninth Circuit cases reflect that a critical issue in parole denial cases is the Board's use of evidence from the commitment offense and prior offenses. In Biggs v. Terhune, the court explained that the some evidence standard may be considered in light of the Board's decisions over time. 334 F.3d 910, 916-917 (9th Cir. 2003). The court reasoned that "[t]he Parole Board's decision is one of 'equity' and requires a careful balancing and assessment of the factors considered . . . A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Id. Although the Biggs court upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, the court cautioned that "[o]ver time, however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of his offense would raise serious questions involving his liberty interest." Id. at 916.

The court in <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123 (9th Cir. 2006), however, criticized the decision in <u>Biggs</u>: "Under AEDPA it is not our function to speculate about how future parole hearings could proceed." <u>Sass</u>, 461 F.3d at 1129. <u>Sass</u> determined that it is not a due process violation <u>per se</u> if the Board determines parole suitability based solely on the unchanging factors of the commitment offense and prior offenses. <u>See id</u>. (prisoner's commitment offenses in combination with prior offenses amounted to some evidence to support the Board's denial of parole). However, <u>Sass</u> does not dispute the argument in <u>Biggs</u> that, over time, a commitment offense may be less probative of a prisoner's current threat to the public safety.

Moreover, in the recent <u>Irons</u> decision, the Ninth Circuit emphasized the continuing vitality of <u>Biggs</u>. <u>Irons v. Carey</u>, 479 F.3d 658 (9th Cir. 2006). However, the court found that relief for Irons was precluded by <u>Sass</u>. <u>Id</u>. The Ninth Circuit explained that all of the cases in which it previously held that denying parole based solely on the commitment offense comported with due process were ones in which the prisoner had not yet served the minimum years required by the sentence. <u>Id</u>. at 665. Also, noting that the parole board in <u>Sass</u> and <u>Irons</u> appeared to give little or no weight to evidence of the prisoner's rehabilitation, the Ninth Circuit stressed its hope that "the Board will come to recognize that in some cases, indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from relevant California statutes." <u>Id</u>. (citing <u>Biggs</u>, 334 F.3d at 917). Even so, the Ninth Circuit has not set a standard as to when a complete reliance on unchanging circumstances would amount to a due process violation.

The court, having reviewed the record, finds that there was some evidence in the record to support the BPT's decision, which was based on an analysis of the

Order Denying Petition
N:\Pro - Se\9.25.2007\06-01636 DUONG.1636.rul.wpd            8

commitment offense. Petitioner, not wanting to appear cowardly and unmanly, agreed to participate, at his uncle's urging, in a nighttime residential robbery to steal money to buy beer and marijuana. Petitioner not only invaded the apartment and directly participated in the crimes, but slapped a resident in the face and fired a shot near the same resident in order to force him from the bathroom.

These facts provide some evidence to support BPT's decision, which is based on the guidelines cited above. Specifically, the shooting at the bathroom door to frighten and coerce a resident and his slapping him provides a basis to find that the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering. Using great violence to procure money for drugs provides a basis to find that the motive for the crime is inexplicable in relation to the offense. Also, the facts provide a basis to find that multiple victims were attacked and that the offense was carried out in a dispassionate and calculated manner. While the commitment offenses are long past and while at some point they may cease to be entitled to much weight, they provide, at this point, some evidence supporting the BPT's decision, as the state court determined as well.

//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

The court concludes that the state court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The court also concludes that its adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, for the foregoing reasons, the court DENIES the petition.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 21, 2007

JAMES WARE
United States District Judge

Order Denying Petition
N:\Pro - Se\9.25.2007\06-01636 DUONG.1636.rul.wpd     10